IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,229-01






EX PARTE JESUS JAIME JIMENEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B06-146 IN THE 198TH DISTRICT COURT


FROM KERR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to fifty years' imprisonment. The Fourth Court of Appeals
affirmed his conviction. Jimenez v. State, No. 04-06-00435-CR (Tex. App.-San Antonio June 24,
2009, pet. ref'd). 

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
and that the State violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing that Stephen
Flores's bond was reduced in exchange for his testimony and that Flores was a confidential
informant in federal cases. Applicant has alleged facts that, if true, might entitle him to relief.
Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall order trial counsel to respond to Applicant's ineffective assistance of
counsel claim. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether trial counsel's
performance was deficient and, if so, whether Applicant was prejudiced. The trial court shall also 
make findings and conclusions as to whether the State violated Brady v. Maryland. The trial court
shall also make any other findings and conclusions that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 2, 2012

Do not publish